# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA JENOLA BLACKWELL-GOODLOE,<br><br>             Petitioner,<br><br>vs.<br><br>UNKNOWN,<br><br>             Respondent. | Civil No.   10-0192 BTM (AJB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT; and**<br><br>**(2) TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION** |

    Petitioner is a state prisoner proceeding pro se with a habeas corpus action filed pursuant to 28 U.S.C.A. § 2254 (2009). Petitioner has paid the $5.00 filing fee and has filed a motion to proceed in forma pauperis. Accordingly, the Court **DENIES** the motion to proceed in forma pauperis as moot.

    Further, upon reviewing the petition, the Court finds that this case should be transferred in the interest of justice. A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner is does not presently appear

1  to be confined at any state prison. Petitioner's state court conviction occurred in San Bernardino
2  County Superior Court, which is located within the jurisdictional boundaries of the United States
3  District Court for the Central District of California, Eastern Division. *See* 28 U.S.C. § 84(c)(1).
4  Thus, jurisdiction exists in the Central District, not in the Southern District.

5        Although this Court does not have jurisdiction over the action, "[u]nder a provision of the
6  Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of
7  jurisdiction the court shall transfer the action to any other such court in which the action could
8  have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th
9  Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit
10 has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will
11 be in the interest of justice because normally dismissal of an action that could be brought
12 elsewhere is "time-consuming and justice-defeating." *Miller*, 905 F.2d at 262 (quoting
13 *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631,
14 this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C.
15 § 2241(d).

16       When a habeas petitioner is challenging a state court conviction, the district court of the
17 district in which the state court conviction took place is a more convenient forum because of the
18 accessibility of evidence, records and witnesses. Thus, it is generally the practice of the district
19 courts in California to transfer habeas actions questioning state court convictions to the district
20 in which the state court conviction took place. Any and all records, witnesses and evidence
21 necessary for the resolution of Petitioner's contentions are more readily available in San
22 Bernardino County. *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can, of course,
23 transfer habeas cases to the district of conviction which is ordinarily a more convenient forum).
24 Therefore, in the furtherance of justice,

25       **IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States
26 District Court for the Central District of California, Eastern Division. *See* 28 U.S.C. § 2241(d).
27 / / /
28 / / /

1  **IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order
2  upon Petitioner and upon the California Attorney General.

3  DATED: February 3, 2010

*[signature: Barry Ted Moskowitz]*

Honorable Barry Ted Moskowitz
United States District Judge